UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
12-CR-183S (21)

BRYNELL JONES,

           Defendant.

## I. INTRODUCTION

Defendant Brynell Jones is charged in two conspiracy counts of a 62-count, 32-defendant indictment. Defendant is charged in Count 1 with conspiracy to commit wire fraud (18 U.S.C. § 1349) and in Count 47 with conspiracy to commit international money laundering (18 U.S.C. § 1956(h)). Before this Court is Defendant's Motion for Severance. (Docket No. 162.) For the following reasons, the motion is denied.

## II. FACTS

Defendant is charged with conspiring in a multi-million dollar scheme to defraud and to obtain money from victims by means of false and fraudulent pretenses, representations, and promises. The scheme involved the use of fictitious companies that offered personal loans to individuals over the Internet. Individuals approved for loans were required to send the defendants pre-payments to secure or insure their loans. The defendants then kept those pre-payments without ever providing the victims with loans. For his part, Defendant allegedly collected approximately $7,600 from victims of the scheme.

## III.  DISCUSSION AND ANALYSIS

**A.  Legal Standard**

Multiple defendants may properly be charged together in an indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  FED. R. CRIM. P. 8(b).  The preference in the federal system is that defendants who are indicted together be tried together.  See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983).  This is particularly true when the underlying crime involves a common scheme or plan, in which case the slight prejudice to co-defendants is outweighed by the judicial economies resulting from avoiding duplicative trials.  See United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003); United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991).  Joint trials are efficient, "play a vital role in the criminal justice system," and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  Richardson v. Marsh, 481 U.S. 200, 209-10, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

But despite this preference, a single trial for co-defendants is not mandated.  Even if properly joined under Rule 8, Rule 14 vests the court with discretion to sever the defendants' trials or provide any other relief that justice requires, if it finds that joinder appears to prejudice a defendant or the government.  FED. R. CRIM. P. 14 (a).  Decisions on severance are reserved to the trial court's discretion and are considered by the Second Circuit to be "virtually unreviewable."  See United States v. Harwood, 998 F.2d 91, 95 (2d Cir. 1993); United States v. LaSanta, 978 F.2d 1300, 1306 (2d Cir. 1992) (quoting Cardascia, 951 F.2d at 482).

**B.	Defendant's Motion for Severance**

Defendant contends that his case should be severed under Rule 14 because (1) his co-defendants may have made statements to the government that would raise issues under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and (2) his trial will be unreasonably delayed by proceedings involving his co-defendants.

As to Defendant's first argument, he has provided no information or evidence suggesting that a joint trial will raise Bruton issues. He simply maintains that his Sixth Amendment rights may be impacted because "upon information and belief each of the defendants orally spoke to government agents." (Docket No. 162, ¶ 9.) There is no contention, however, that any defendant made the type of statements that would give rise to Confrontation Clause problems under Bruton and its progeny. Consequently, Defendant's purely speculative allegation does not constitute the level of prejudice necessary to warrant severance.

As to Defendant's second argument, this Court again finds no prejudice. The Speedy Trial Act specifically allows for a "reasonable period of delay when a defendant has been joined for trial with co-defendants as to whom the time for trial has not run, and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). When challenged in a motion for severance, the issue is the reasonableness of the delay occasioned by this exclusion. See United States v. Gambino, 59 F.3d 353, 362 (2d Cir. 1995); United States v. Lockwood, No. 11-CR-85, 2012 WL 6204194, at *3 (W.D.N.Y. Dec. 12, 2012).

Defendant concedes that all exclusions of time through January 31, 2013, have been justified and reasonable. (Docket No. 173, ¶ 4.) But he argues that because he does not intend to file pretrial motions, severance is warranted and he should immediately be brought to trial. This argument highlights the very reason the exclusion in § 3161(h)(6) exists: "Congress has acknowledged that the purpose of Section 3161(h)(6) of the Speedy Trial Act was to ensure that the rules of severance were not altered, and that the government was not forced to prosecute the first defendant ready for trial separately or be subject to a speedy trial dismissal action." Lockwood, 2012 WL 6204194, at *2 (citing United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986)). Thus, the slight prejudice caused by the delay attributable to Defendant's co-defendants is outweighed by the significant interests of judicial economy in conducting a single trial. See Spinelli, 352 F.3d at 55.

In any case, even by Defendant's count, his trial has been delayed less than two months by his co-defendants, a reasonable amount of time that does not rise to the level of prejudice so severe as to amount to a miscarriage of justice or the denial of a constitutionally fair trial. See Spinelli, 352 F.3d at 55. This Court acknowledges, however, that given the number of indicted defendants, the government will at some point have to make an "especially compelling justification for a joint trial of more than ten defendants." United States v. Casamento, 997 F.2d 1141, 1152 (2d Cir. 1989).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Severance is denied.

## V. ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for Severance (Docket No. 162) is DENIED.

SO ORDERED.

Dated:	March 29, 2013
	Buffalo, New York

                                                      /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                         Chief Judge
                                          United States District Court