IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                              12-CR-183

ASHLEY CAIN,

                Defendant.

---

## PLEA AGREEMENT

The defendant, ASHLEY CAIN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one-count Superseding Information which charges a violation of Title 18, United States Code, Section 371 (conspiracy to take with the intent to steal money in the care, custody, control or possession of a bank in violation of Title 18, United States Code, Section 2113(b)), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment, and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to one year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That an agreement existed between two or more people to commit a crime against the United States, to wit: taking with the intent to steal or purloin money in amount less than $1000.00 in the care, custody and control of a bank, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC);

   b. That the defendant knowingly and willfully became a member of the conspiracy;

   c. That one of the members of the conspiracy knowingly committed at least one overt act; and

   d. That the overt act was committed to further some object of the conspiracy.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. In 2010 and 2011, companies operating from Canada known as "The Holden Group" and "Stanley Capitol" offered loans by way of the Internet to individuals in the Western District of New York and elsewhere. "The Holden Group" and "Stanley Capitol" targeted various individuals including those with credit problems.

   b. When an individual sought a loan from "The Holden Group" or "Stanley Capitol," the companies required the applicant to pay a premium in order to secure the loan knowing that the loan would never be made.

   c. Sherece Payne was associated with operators of The Holden Group and Stanley Capitol. In or about February 2011, the exact date being unknown, Sherece Payne and the defendant entered into an agreement to combine and conspire with others known and unknown to take with the intent to steal or purloin money in the care, custody and control of a bank.

   d. In furtherance of the conspiracy, on or about April 28, 2011, the defendant was contacted by Sherece Payne and asked to obtain money that had been in the care, custody, and control of a federally insured bank, to wit: U.S. Bank National Association, from the account of D.M.., which had been deposited by D.M. as the premium required by Stanley Capitol to secure a fraudulent loan.

   e. On or about April 28, 2011, the defendant subsequently obtained the money from the bank account of D.M., with the intent to steal or purloin the money, by way of wire transfer. The defendant subsequently transferred the money to co-conspirator Sherece Payne. The defendant was compensated with payment for expenses for facilitating the transfer to Sherece Payne.

   f. Approximately $700.00 (U.S.) was received by the defendant in this wire transfer from the bank account of D.M.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 1349.

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2B1.1(a)(1) applies to the offense of conviction and provides for a base offense level of 7.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

    (a) a 4-level increase pursuant to Guidelines § 2B1.1(b)(1)(C) because the loss was more than $10,000 but less than $30,000; and

    (b) a 2-level increase pursuant to Guidelines § 2B1.1(b)(10)(B) because a substantial part of the fraudulent scheme was committed from outside the United States.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9.     The government and the defendant agree that a 2-level downward adjustment pursuant to Guidelines § 3B1.2(b) (minor role in the offense) applies.

## ADJUSTED OFFENSE LEVEL

10.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 11.

## ACCEPTANCE OF RESPONSIBILITY

11.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 9.

## CRIMINAL HISTORY CATEGORY

12.    It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of 9 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 4 to 10 months, a fine of $1,000 to $10,000, and a period of supervised release of one year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range as set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to wire fraud and money laundering which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the Indictment pending against the defendant.

## VI. **RESTITUTION AND FINANCIAL PENALTY PROVISIONS**

19. The defendant understands, and the parties agree, that the Court may require restitution in an amount not to exceed $13,761.78 to be paid to the victims as part of the sentence pursuant to Section 5E1.1 of the Sentencing Guidelines and Title 18, United States Code, Sections 3663(a)(3) and 3663A, and for which the defendant shall be liable jointly and severally with others upon whom restitution orders for the same loss are imposed.

20. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be

imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VII. APPEAL RIGHTS

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VI of this agreement.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. COOPERATION

26. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to wire fraud and money laundering. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and

completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

27. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to wire fraud and money laundering, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

28. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

29. The defendant understands that, notwithstanding the defendant's obligation to cooperate with the government as set forth in this agreement, the government will not be filing a motion pursuant to Guidelines § 5K1.1 or Title 18, United States Code, Section 3553(e) for a downward departure from the defendant's sentencing range or pursuant to Rule 35(b) for a reduction of the defendant's sentence.

30. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false

information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

31. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

32. In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1; and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

33. In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the

Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

34. If the "Cooperation" section of this agreement is declared breached by the Court:

    a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1 and/or Rule 35(b);

    c. the defendant has no right to withdraw the plea of guilty;

    d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

    e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to wire fraud and money laundering which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

35. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1.

36. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

37. This plea agreement represents the total agreement between the defendant, ASHLEY CAIN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
CAROL G. BRIDGE
Special Assistant U.S. Attorney

Dated: September 2, 2014

I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, LAWRENCE HERRMANN, ESQ. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ASHLEY CAIN
Defendant

Dated: September 2, 2014

_____
LAWRENCE HERRMANN, ESQ.
Attorney for the Defendant

Dated: September 2, 2014